IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

LEON WEINGRAD, individually and on behalf of all others similarly situated,

        *Plaintiff*,

v.

EVERQUOTE, INC.,

        *Defendant.*

Case No. 1:26-cv-10197

**DEFENDANT EVERQUOTE, INC.'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)**

**I.     INTRODUCTION**

Plaintiff's Complaint must be dismissed pursuant to Rule 12(b)(6) because it fails to state a plausible claim under the Telephone Consumer Protection Act ("TCPA"). Plaintiff fails to allege that he personally registered his telephone number on the National Do Not Call ("DNC") Registry, as required by the plain text of 47 C.F.R. 64.1200(c). Because only individuals who avail themselves of the TCPA's protections have a right of action, a plaintiff must affirmatively plead personal registration. *See Rombough v. Robert D. Smith Ins. Agency, Inc.,* No. 22-CV-15-CJW-MAR, 2022 WL 2713278, at *5 (N.D. Iowa June 9, 2022). Plaintiff did not do so here, rendering his TCPA claim facially implausible. Consequently, his Complaint must be dismissed.

**II.     PLAINTIFF'S ALLEGATIONS**

Plaintiff alleges EverQuote violated the TCPA by making at least three unsolicited telemarketing calls on January 14, 2026, to his residential cellular telephone number "listed on the national Do Not Call Registry..." *See* Complaint ("Compl.") at ¶¶ 14, 16-19, 21, 23-25. Plaintiff

1

does not allege that he registered the telephone number on the National DNC Registry himself.

Plaintiff alleges that the first call "came in at 3:11 PM on January 14, 2026, but was missed." *Id*. at ¶ 23. Plaintiff alleges the "second call came in at 4:11 PM the same day," and that the "person on the line was 'Jenny' from 'EverQuote' [who was] calling to provide an auto insurance quote." *Id.* at ¶ 24. Plaintiff further alleges that this "call then dropped." *Id.* at ¶ 24. Plaintiff alleges the "third call came in at 5:12 PM" also on that same day, and that the "person on the line was also from 'EverQuote.'" *Id*. at ¶ 25. On this call, Plaintiff alleges that he requested that the caller "stop calling." *Id*. at ¶ 25. Plaintiff also alleges that "the calls appear to have been intended for someone else unknown to Plaintiff," but provides no further context. *Id*. at ¶ 28.

For the reasons set forth below, these allegations are not sufficient to state a viable claim under the TCPA.

III.    **LEGAL STANDARD**

"To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the complaint must state a claim that is plausible on its face." *Doane v. Benefytt Techs., Inc.*, No. CV 22-10510-FDS, 2023 WL 2465628, at *3 (D. Mass. Mar. 10, 2023) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). For a claim to be facially plausible, it must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Plausibility does not require probability but 'it asks for more than a sheer possibility the defendant has acted unlawfully.'" *Gibbs v. SolarCity Corp.*, 239 F. Supp. 3d 391, 396 (D. Mass. 2017) (quoting *Iqbal*, 556 U.S. at 678). "While a complaint 'does not need detailed factual allegations,' it 'requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Twombly*, 550 U.S. at 556). The complaint must include factual allegations

"respecting each material element necessary to sustain recovery under some actionable legal theory." *Katz v. Liberty Power Corp., LLC*, No. 18-CV-10506-ADB, 2019 WL 4645524, at *5 (D. Mass. Sept. 24, 2019) (quoting *Centro Médico del Turabo, Inc. v. Feliciano de Melecio*, 406 F.3d 1, 6 (1st Cir. 2005)); *See also Gagliardi v. Sullivan*, 513 F.3d 301, 305 (1st Cir. 2008).

**IV.    ARGUMENT - PLAINTIFF'S COMPLAINT MUST BE DISMISSED BECAUSE PLAINTIFF FAILS TO ALLEGE THAT HE PERSONALLY REGISTERED HIS TELEPHONE NUMBER ON THE NATIONAL DNC REGISTRY.**

The threshold requirement for bringing a claim under the TCPA's DNC provisions is clear and unambiguous: relief is only for a "residential telephone subscriber ***who has registered his or her*** telephone number." 47 C.F.R. § 64.1200(c) (emphasis added). In *Rombough*, the Court confirmed that this language must be applied as written, holding that personal registration of the phone number on the National DNC Registry is a prerequisite to standing. *Rombough*, 2022 WL 2713278, at *2. As the court in *Rombough* explained, "The plain language of § 64.1200(c) clearly requires that a person register their own telephone number on the national do-not-call registry to have standing to sue under the TCPA's do-not-call provisions. The regulation's use of the phrase 'registered his or her telephone number' plainly contemplates that the person bringing suit must have been the one to place the number on the registry." *Id.*

This requirement cannot be reinterpreted in light of policy reasoning or legislative intent. Where a statute or regulation's language is plain, courts must give effect to that plain meaning. *Campbell v. Wash. Cnty. Tech. Coll.*, 219 F.3d 3, 6 (1st Cir. 2000) ("As in other cases involving statutory interpretation, we look first to the Act's plain language. Absent ambiguity, the inquiry ends with the text of the statute.") (citations omitted). The regulation's text expressly mandates personal registration—no ambiguity exists that would justify looking beyond its clear language. *Id*. Thus, standing under the TCPA depends upon the individual's own affirmative act of placing

3

the number on the DNC Registry.

EverQuote acknowledges that some courts disagree with *Rombough*'s interpretation of §  64.1200(c)—that the TCPA's DNC protections do not apply to individuals who did not personally avail themselves of its protection by registering their numbers on the National DNC Registry. For example, the court in *Tschatschula* found *Rombough* unpersuasive, reasoning that "[w]hile it is possible a third party may have registered a plaintiff's phone number before a plaintiff acquired it, this is unlikely given how infrequently people change numbers." *Tschatschula v. Protect My Car*, No. 23-cv-00985-DDD-JPO, 2024 WL 1509162, at *5 (D. Col, Mar. 6, 2024) (quoting *Callier v. Am.-Amicable Life Ins. Co. of Texas*, No. EP-22-CV-00018-FM, 2022 WL 17732717, at *6 (W.D. Tex. Oct. 18, 2022)). Similarly, in *Watson*, the court rejected the personal registration requirement for claims under § 64.1200(c), finding that registration on the National DNC Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *See Watson v. Manhattan Luxury Automobiles, Inc.*, No. 20 CIV. 4572 (LGS), 2022 WL 4586407, at *9 (S.D.N.Y. Sept. 29, 2022).

*Tschatschula* and *Watson* do not refute the personal registration requirement; rather, it misreads the regulatory language by suggesting that the phrase "must be honored indefinitely" allows for standing to transfer to subsequent subscribers of a pre-registered number. *See Tschatschula*, 2024 WL 1509162 at *5. This is incorrect. That phrase merely obligates telemarketers to continue honoring a consumer's DNC registration until it is either voluntarily canceled or removed by the database administrator—it does not extend TCPA standing to individuals who never took the affirmative step of registering the number themselves. *Rombough* correctly interprets this provision by holding that only the individual who made the conscious choice to opt into the DNC Registry has the right to enforce its protections.

Legislative history indicates that Congress envisioned consumers proactively placing their numbers on the DNC list to obtain protection. *In re Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd. 14014, 14, 038-39 (2003). Nothing suggests that the protections flow automatically to a new subscriber who did not personally register the number. This interpretation is also consistent with First Amendment principles underlying the DNC framework, which empower individuals to opt in to restrictions on protected speech. *See Martin v. Struthers*, 319 U.S. 141, 148-49 (1943).

Here, Plaintiff's Complaint is completely devoid of any allegation that he personally registered his cellular telephone number on the National DNC Registry. Plaintiff merely alleges that his number is "listed" on the registry. Compl. at ¶ 19. Furthermore, Plaintiff's own admission that the calls "appear to have been intended for someone else" strongly supports the inference that a prior subscriber, rather than Plaintiff, may have been the one to register the number. *Id*. at ¶ 28.

Because Plaintiff has failed to plead that he took the affirmative step of registering his telephone number, he has failed to establish that he is a "residential telephone subscriber who has registered his or her telephone number" under the plain, unambiguous language of 47 C.F.R. § 64.1200(c). Consequently, Plaintiff has failed to state a plausible claim for relief under the TCPA.

V.    **CONCLUSION**

For the foregoing reasons, EverQuote respectfully requests that the Court grant its Motion to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

Dated: March 23, 2026

Respectfully submitted,

*/s/ Christopher B. Parkerson*
Christopher B. Parkerson, (BBO#662952)
Campbell Conroy & O'Neil, P.C.
20 City Square, Suite 300
Boston, MA 02129
Telephone: (617) 241-3075
cparkerson@campbell-trial-lawyers.com

AND

Eric J. Troutman (*pro hac vice)*
Tori L. Guidry (*pro hac vice*)
400 Spectrum Center Drive
Suite 1550
Irvine, CA 92618
Telephone: (949) 350-3663
Facsimile:(949)203-8689
tori@troutmanamin.com

*Counsel for Defendant EverQuote, Inc.*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 23, 2026, a copy of the foregoing was filed electronically and served by other electronic means on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by e-mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

*/s/ Christopher B. Parkerson*
Christopher B. Parkerson

6