**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **LEON WEINGRAD**, individually and on behalf of all others similarly situated,<br><br>       *Plaintiff,*<br><br>*v.*<br><br>**EVERQUOTE, INC.**,<br><br>       *Defendant.* | Case No. 1:26-cv-10197 |

**DEFENDANT EVERQUOTE, INC.'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO STAY DISCOVERY**

## I.  INTRODUCTION

When a plaintiff's complaint is subject to threshold motions that will fundamentally alter or entirely dispose of the litigation, this Court should exercise its broad discretion to stay discovery. In this Telephone Consumer Protection Act ("TCPA") action, EverQuote has filed three such motions. Because any one of these motions could drastically shift the trajectory of this case, proceeding with class-wide discovery at this juncture would be an unjustified waste of the parties' and the Court's resources.

First, this Court need not even reach the merits of Plaintiff Leon Weingrad's ("Plaintiff") claims because this dispute belongs in binding arbitration. As detailed in EverQuote's Motion to Compel Arbitration, Plaintiff affirmatively agreed to a valid arbitration provision that contains a strict class action waiver and a broad delegation clause. Thus, the threshold question of arbitrability—and the resolution of Plaintiff's individual claims—must be decided by an arbitrator, not this Court.

1

Second, even if this Court were to retain jurisdiction, the Complaint fails to state a claim as a matter of law. EverQuote's Rule 12(b)(6) motion demonstrates that the TCPA does not permit a plaintiff to sue merely because they received a call on a telephone number listed on the National Do Not Call ("DNC") Registry. Rather, under the plain language of 47 C.F.R. § 64.1200(c)(2), the plaintiff must have personally registered the number themselves. *Rombough v. Robert D. Smith Ins. Agency, Inc.*, No. 22-CV 15-CJW-MAR, 2022 WL 2713278, at *2 (N.D. Iowa June 9, 2022). Plaintiff has failed to plead that he personally registered his telephone number.

Third, even if Plaintiff's individual claim survives these initial hurdles, his class allegations are incurably defective. The proposed National DNC Class is facially uncertifiable because it is overly broad, lacks Rule 23 commonality, and relies on impermissibly merits-based criteria.

Consequently, good cause exists to stay discovery. Forcing EverQuote to engage in burdensome and expensive class-wide TCPA discovery now—when the entire Complaint is likely to be compelled to individual arbitration, dismissed on the pleadings, or stripped of its class allegations—would be highly prejudicial. Conversely, a stay will not prejudice Plaintiff, as this case is in its absolute infancy with no answer filed and no discovery exchanged. To protect the parties and preserve judicial resources, EverQuote respectfully requests that all discovery and pretrial deadlines be stayed pending the disposition of these threshold motions.

## II.    LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In determining whether

to stay proceedings the court must "must weigh competing interests and maintain an even balance." *Id*. at 254-55. Federal Rule of Civil Procedure 26(c) provides that the court may stay discovery only on a showing of "good cause" by the party requesting the stay. Fed. R. Civ. P. 26(c)(1) (establishing that the court may issue a protective order with respect to discovery only for "good cause").

"The court has broad discretion to stay discovery pending resolution of a motion to dismiss." *Hillside Plastics, Inc. v. Dominion & Grimm U.S.A., Inc.*, No. 3:17-CV-30037-MAP, 2018 WL 3727365, at *2 (D. Mass. Aug. 6, 2018) (citation omitted). While the court has broad discretion, "stays cannot be cavalierly dispensed: there must be good cause for their issuance; they must be reasonable in duration; and the court must ensure that competing equities are weighed and balanced." *Marquis v. F.D.I.C.,* 965 F.2d 1148, 1155 (1st Cir. 1992) (citations omitted). "The moving party bears the burden of showing good cause and reasonableness for a stay of discovery, which is akin to a protective order under Fed. R. Civ. P. 26(c)(1)." *Hillside Plastics, Inc.*, 2018 WL 3727365 at *2 (quoting *Dicenzo v. Massachusetts Dep't of Correction,* No. 3:15-CV-30152-MGM, 2016 WL 158505, at *1 (D. Mass. Jan. 13, 2016).

III.    **ARGUMENT**

A.    **The Court Should Stay Discovery until Resolution of the Pending Motions Because the Pending Motions May Potentially Dispose of the Entire Case Without Additional Discovery.**

Courts frequently exercise their broad discretion to stay discovery where a pending motion may be dispositive of the case as a whole. Indeed, courts in this District have recognized that "[a] pending dispositive motion constitutes good cause for a stay of discovery." *Malanowski v. Wells Fargo Bank N.A.*, No. CV 3:21-11628-MGM, 2022 WL 2758474, at *2 (D. Mass. July 14, 2022) (citation omitted). As this Court has noted, "it makes little sense to force either side to go through

expensive discovery where all, or part, of the case may be dismissed." *Steward Health Care Sys. LLC v. Southcoast Health Sys., Inc.*, No. CV 15-14188-MLW, 2016 WL 11004353, at *2 (D. Mass. June 15, 2016). Furthermore, "the possibility that a single claim will survive does not preclude granting a motion for a stay." *Channing Bete Co., Inc. v. Greenberg*, No. 3:19-CV-30032-MGM, 2021 WL 4398510, at *2 (D. Mass. Sept. 27, 2021) (citation omitted).

Here, the scope of the threshold motions is broad and potentially case-ending. EverQuote has filed three separate, threshold Pending Motions, any one of which has the potential to entirely dispose of this action or fundamentally narrow its scope .

First, EverQuote has filed a Motion to Compel Arbitration because Plaintiff's claims belong in binding, individual arbitration. The webform utilized to generate the lead at issue contained a broad dispute resolution provision and a strict class action waiver. Furthermore, the valid arbitration agreement features a broad delegation clause specifically reserving issues of arbitrability for the arbitrator, meaning the American Arbitration Association is the only appropriate forum to hear Plaintiff's claims. Because this threshold issue strips the Court of jurisdiction to hear the merits, discovery in this forum is entirely moot.

Second, EverQuote has filed a Motion to Dismiss pursuant to Rule 12(b)(6), which would dispose of the Complaint in its entirety for failure to state a claim. Plaintiff's TCPA claim fails as a matter of law because the plain language of 47 C.F.R. § 64.1200(c) limits relief strictly to a subscriber who "has registered his or her telephone number" on the National DNC Registry. *Rombough*, 2022 WL 2713278 at *2. Because Plaintiff failed to affirmatively plead this mandatory element—instead relying on the mere fact that the number was listed—the Complaint fails to state any viable claim against EverQuote, making discovery unnecessary until this threshold issue is resolved.

Third, EverQuote has filed a Motion to Strike Class Allegations that may dispose of all claims by the putative class members. The proposed National DNC Class is fatally overbroad and lacks basic Rule 23 commonality. The definition improperly sweeps in individuals who did not personally register their numbers, those who only received text messages, those who expressly consented to receive messages, and those who had an established business relationship with EverQuote. Furthermore, the class definition runs afoul of the rule against one-way intervention by relying on impermissible, merits-based criteria (i.e. whether the message was legally considered "telemarketing"). Striking these allegations will dispose of all putative class claims.

Because these motions are plainly meritorious and may dispose of or substantially narrow Plaintiff's claims, there is overwhelming good cause to stay discovery. Where there is good cause, staying discovery until a ruling on the dispositive motions becomes final does not unreasonably delay the litigation. *Dicenzo*, 2016 WL 158505 at *2.

**B.    A Limited Stay of Discovery is Reasonable and Appropriate in this Case Because Commencement of Discovery Would Significantly Burden the Parties and the Court.**

Good cause exists for granting the instant motion to stay discovery because EverQuote's Pending Motions are potentially dispositive of the entire case and can be decided absent any additional discovery. A plaintiff is not entitled to embark on a sweeping factual inquiry before the Court rules on threshold legal and arbitrability challenges.

The burden on a class action defendant in responding to discovery is undoubtedly large, and that burden is significantly compounded in the TCPA context. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558-59 (2006) (emphasizing the expense and burden of discovery in class actions and stressing that neither "careful case management," nor "careful scrutiny of the evidence at the summary judgment stage," will protect defendants from incurring enormous discovery costs). In TCPA class actions, plaintiffs routinely demand burdensome and expensive discovery regarding

every call made during the proposed class period. If discovery were to commence now, EverQuote would be forced to undergo the massive expense of identifying and producing data for a nationwide class before it is even determined if that class is legally certifiable or if Plaintiff's individual claims belong in arbitration. Forcing EverQuote to incur potentially enormous discovery costs while three threshold motions remain pending would result in a significant and potentially unnecessary waste of corporate and judicial resources.

Furthermore, weighing the competing interests confirms that a stay is appropriate. Plaintiff will suffer no clear prejudice from a temporary delay because this case is in its absolute infancy. The parties have not held a Rule 26(f) conference, no discovery has been served, and no scheduling order is in place. Courts in this District consistently recognize that a "relatively brief delay" until the disposition of dispositive motions is entirely reasonable. *Dicenzo*, 2016 WL 158505 at *2. As this Court has previously held, "[o]n balance, the possible prejudice to [the plaintiff] of some further delay in this litigation does not justify the costs of requiring the parties to engage in discovery at least some of which may be avoided depending on the court's ultimate rulings on the motions to dismiss." *Channing Bete Co., Inc. v. Greenberg*, No. 3:19-CV-30032-MGM, 2021 WL 4398510, at *3 (D. Mass. Sept. 27, 2021).

Ultimately, it makes little sense for the parties to engage in time-consuming and expensive discovery when a ruling on any of EverQuote's Pending Motions could render those efforts a complete nullity. Because the burden of classwide discovery at this stage far outweighs the negligible harm of a brief delay, EverQuote's request for a stay is both reasonable and necessary.

IV.    **CONCLUSION**

For the foregoing reasons, EverQuote respectfully requests that the Court stay discovery until the Court rules on EverQuote's Motion to Compel Arbitration, Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), and Motion to Strike Class Allegations.

Dated: March 23, 2026                          Respectfully submitted,

                                               /s/ Christopher B. Parkerson
                                               Christopher B. Parkerson, (BBO#662952)
                                               Campbell Conroy & O'Neil, P.C.
                                               20 City Square, Suite 300
                                               Boston, MA 02129
                                               Telephone: (617) 241-3075
                                               cparkerson@campbell-trial-lawyers.com

                                               AND

                                               Eric J. Troutman (*pro hac vice)*
                                               Tori L. Guidry (*pro hac vice*)
                                               400 Spectrum Center Drive
                                               Suite 1550
                                               Irvine, CA 92618
                                               Telephone: (949) 350-3663
                                               Facsimile:(949)203-8689
                                               tori@troutmanamin.com

                                               *Counsel for Defendant EverQuote, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 23, 2026, a copy of the foregoing was filed electronically and served by other electronic means on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by e-mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

                                               /s/ Christopher B. Parkerson
                                               Christopher B. Parkerson

7