**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **LEON WEINGRAD,** individually and on behalf of all others similarly situated, | Case No. 1:26-cv-10197 |
| *Plaintiff,* | |
| *v.* | |
| **EVERQUOTE, INC.** | |
| *Defendant.* | |

### PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS

Defendant EverQuote, Inc. seeks dismissal of this straightforward Telephone Consumer Protection Act ("TCPA") case based on a legally unsupported argument that Plaintiff must plead that he personally registered his telephone number on the National Do Not Call Registry ("DNC Registry"). That argument finds no support in the TCPA's text, its implementing regulations, or the overwhelming weight of authority interpreting them. Instead, Defendant asks this Court to adopt a minority interpretation that improperly narrows the statute and undermines its purpose of protecting consumers from unwanted telemarketing calls.

Defendant's motion hinges entirely on the assertion that only the individual who personally registered a number on the DNC Registry has standing to sue. That argument misreads the regulatory language, ignores the consumer-protection purpose of the TCPA, and conflicts with the practical reality of how telephone numbers are used and reassigned. Nothing in the TCPA requires a plaintiff to plead or prove that he personally completed the ministerial act of registration. Rather, the statute protects "residential telephone subscribers" whose numbers are on the Registry—exactly as Plaintiff has alleged here.

1

At bottom, Defendant's motion attempts to impose a pleading requirement that does not exist in the law. Because the Complaint plausibly alleges that Plaintiff is a residential subscriber whose number was on the DNC Registry and who received multiple unsolicited telemarketing calls, the motion to dismiss should be denied in its entirety.

## BACKGROUND

Plaintiff brings this action to enforce the TCPA's protections against unwanted telemarketing calls. As alleged in the Complaint, Plaintiff is a residential telephone subscriber whose number has been listed on the National Do Not Call Registry since April 3, 2019. *See* ECF No. 1 ¶ 19.

Plaintiff never provided prior express consent to receive telemarketing calls from Defendant and has never been a customer of Defendant. *Id.* ¶¶ 14, 20. Despite this, Defendant initiated multiple telemarketing calls to Plaintiff's residential telephone number. *Id.* ¶ 21. Specifically, on January 14, 2026, Plaintiff received at least three telemarketing calls from Defendant originating from the same telephone number. *Id.* ¶¶ 21–22. The first call was missed. *Id.* ¶ 23. The second call connected, during which a caller identifying herself as "Jenny" from "EverQuote" attempted to provide an auto insurance quote before the call abruptly disconnected. *Id.* ¶ 24. The third call again connected, and Plaintiff expressly told the caller to stop calling. *Id.* ¶ 25. Plaintiff further alleges that Defendant's conduct was not an isolated incident but part of a broader pattern of telemarketing activity directed at individuals whose numbers are listed on the DNC Registry. *Id.* ¶¶ 31–33.

Accordingly, Plaintiff brings this action on behalf of himself and a putative class of similarly situated individuals who received multiple telemarketing calls from Defendant despite their registration on the Registry. *Id.* ¶ 33.

**ARGUMENT**

The provisions of the TCPA do not require that one *personally register* their number on the Do Not Call Registry because that fact would be *impossible to prove*, as the FTC is neither authorized to nor collects such information. For that matter, such a holding would also run afoul of the FCC's 2003 TCPA Order that established the National Do Not Call Registry, which explicitly noted that "the only consumer information telemarketers and sellers will receive from the national registry is the registrant's telephone number. *This is the minimum amount of information that can be provided* to implement the national registry." *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991* ("2003 TCPA Order"), CG Docket No. 02-278, Report and Order, 18 FCC Rcd. 14014, 14037 (emphasis added). Registering a telephone number on the Registry does not require the provision of any personally identifiable information, and requiring such information would defeat the purposes of registration, consumer privacy. Thus, as an initial matter, the government is *not even authorized* to collect the information the Defendant claims the Plaintiff is required to prove as a legal matter.  It follows that proving such information cannot be an element of a TCPA claim.

Relying on *Rombough v. Robert D. Smith Ins. Agency, Inc.*, No. 22-CV-15-CJW-MAR, 2022 WL 2713278, at *2 (N.D. Iowa June 9, 2022), the Defendant misstates the applicable law. The FCC's regulations permit a "residential telephone subscriber" to register "his or her telephone number" on the Registry. 47 C.F.R. § 64.1200(c)(2). Once a telephone number is registered on the Registry, the "registrations must be honored indefinitely, or until the registration is cancelled by the consumer of the telephone number is removed by the database administrator." *Id*. Previously, such registrations had to be renewed, but this hasn't been the case

3

since at least the mid-2000s. Therefore, in addition to requiring the government to collect information it isn't even legally authorized to collect, *Rombough* purports to require some TCPA plaintiffs to do the impossible–personally *re*register a number already on the Registry. It has been disagreed with by every other court to consider it and its premises. *See, e.g.*, *Watson*, No. 20 CIV. 4572 (LGS), 2022 WL 4586407, at *9 (S.D.N.Y. Sept. 29, 2022) (holding that "whether each class member registered their number on the NDNCR is irrelevant."); *Klassen v. Solid Quote LLC*, No. 23-CV-00318-GPG-NRN, 2023 WL 7544185, at *4 (D. Colo. Nov. 14, 2023); *D.G. v. William W. Siegel & Assocs.,* 791 F. Supp. 2d 622, 625 (N.D. Ill. 2011) ("Plaintiff is the regular user and carrier of the phone, Plaintiff qualifies as a "called party" under the TCPA."); *Olney v. Progressive Cas. Ins. Co.*, 993 F. Supp. 2d 1220, 1225 (S.D. Cal. 2014) ("Defendant seeks to arbitrarily limit standing to only the individual whose name appears on the bill. Notably, Defendant does not cite a single case to support this position. Further, this position has been rejected by other courts.").

*Rombough* was most notably rejected in *Callier v. Am.-Amicable Life Ins. Co. of Texas,* No. EP-22-CV-00018-FM, 2022 WL 17732717, at *5 (W.D. Tex. Oct. 18, 2022), where the Western District of Texas called the argument underlying the *Rombough* decision one that "borders on the frivolous." The *Callier* court went on to state:

> *Rombough's* nitpicky formality is thoroughly unpersuasive. The DNC is not auto-populated: it is a list of phone numbers for individuals who have requested that telemarketers not contact them. While it is possible a third-party may have registered a plaintiff's phone number before a plaintiff acquired it, this is unlikely given how infrequently people change numbers. And it is particularly unlikely here given Plaintiff's well-documented desire that telemarketers respect his registration with the DNC.

*Id.* at *6 (cleaned up). The *Callier* Court is far from alone. *See e.g. Murch v. GPS Cap. Mkts., LLC,* 2025 U.S. Dist. LEXIS 169651, *38 (D. Or. June 6, 2025) ("After fully considering the TCPA's private right of action, the statutory scheme, and other language in the implementing

regulation as discussed above, the Court declines to follow *Rombough*."). Indeed, three years after *Callier*, another federal court recently made forcefully clear how far of an outlier *Rombough* was:

> the Court holds that a plaintiff alleging a violation of the TCPA's NDNC Registry provision need not allege or prove that he personally registered his phone number to state a claim. Every court to consider this issue — with one exception — has reached the same conclusion. *See, e.g., Chinitz v. Intero Real Estate Servs.*, No. 18-cv-05623-BLF, 2020 U.S. Dist. LEXIS 247921, 2020 WL 7391299, at \*14 (N.D. Cal. July 22, 2020); *Abrahamian v. loanDepot.com LLC*, No. 23-cv-00728-PHX-SMB, 2024 U.S. Dist. LEXIS 44009, 2024 WL 1092442, at \*2 (D. Ariz. Mar. 13, 2024). The exceptional case is *Caitlin Rombough v. Robert D. Smith Ins. Agency, Inc.*, No. 22-cv-15-CJW-MAR, 2022 U.S. Dist. LEXIS 124614, 2022 WL 2713278, at \*2-3 (N.D. Iowa June 9, 2022) (dismissing claim because plaintiff did not allege that she personally registered her phone number in the NDNC Registry). In *Rombough*, the court focused on the following language from the implementing regulation: "No person or entity shall initiate any telephone solicitation to . . . [a] residential telephone subscriber *who has registered* his or her telephone number on the" NDNC Registry." 47 C.F.R. § 64.1200(c) (emphasis added). This language was viewed in isolation, and the court did not explain how its construction could be reconciled with the very next sentence of the implementing regulation, which provides that "registrations must be honored indefinitely[.]" *Id.* There is no limitation as to time period; nor is there a limitation as to whether the phone number is still used by the person who originally listed it in the NDNC Registry.

*Nichols v. eHealthInsurance Servs.*, 2025 U.S. Dist. LEXIS 37917, \*8-9 (N.D. Ca., March 3, 2025). This Court should hold the same.

The policy consequences of Defendant's rule underscore its untenability. Millions of Americans change phone numbers every year. If Defendant's theory were correct, each consumer inheriting a number that had already been placed on the Registry would lose their protections. Telemarketers could then flood those numbers with impunity, despite Congress's intent to stop unwanted solicitations. Nothing in the statute, regulations, or case law supports this loophole, and this Court should not create one.

Accordingly, the Court should reject Defendant's invitation to import a personal-

5

registration requirement that appears nowhere in the statute and would eviscerate its protections.

## CONCLUSION

Defendant's motion to dismiss rests on a flawed and unduly restrictive interpretation of the TCPA that is inconsistent with the statute's text, purpose, and prevailing case law. The Complaint alleges that Plaintiff is a residential subscriber whose telephone number was listed on the National Do Not Call Registry, that he did not consent to receive telemarketing calls from Defendant, and that Defendant nonetheless placed multiple such calls. These allegations easily satisfy the pleading standards of Rule 8 and state a plausible claim for relief under Rule 12(b)(6). For these reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion to Dismiss in its entirety and allow this case to proceed on the merits.

RESPECTFULLY SUBMITTED AND DATED this 29th day of March, 2026.

Counsel for Plaintiff:

*s/ Anthony I. Paronich*
Anthony I. Paronich
**PARONICH LAW, P.C.**
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
Fax: (508) 318-8100
anthony@paronichlaw.com