**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **LEON WEINGRAD,** individually and on behalf of all others similarly situated,<br><br>   *Plaintiff,*<br><br>*v.*<br><br>**EVERQUOTE, INC.**<br><br>   *Defendant.* | Case No. 1:26-cv-10197 |

**PLAINTIFF'S OPPOSITION TO THE**
**DEFENDANT'S MOTION TO STAY DISCOVERY**

Plaintiff Leon Weingrad respectfully opposes Defendant EverQuote, Inc.'s Motion to Stay Discovery.

Defendant seeks to stay all discovery based on the pendency of its motions to compel arbitration, dismiss, and strike class allegations. However, the existence of pending motions, standing alone, does not constitute good cause to stay discovery. Defendant bears the burden of demonstrating that a stay is warranted, and it has failed to do so.

Defendant's motion is premised on the assertion that its pending motions may dispose of the case or significantly narrow the issues. That argument is speculative and insufficient. As set forth in Plaintiff's oppositions to Defendant's Motion to Dismiss and Motion to Strike, those motions lack merit and are unlikely to resolve this action. Courts in this District routinely deny motions to stay where dispositive motions present ordinary legal arguments rather than clear, case-ending defects.

Defendant's Motion to Compel Arbitration likewise does not justify a stay. Plaintiff disputes the existence of any valid and enforceable arbitration agreement. Plaintiff intends to

demonstrate that any alleged consent to receive the calls at issue—and any purported agreement to arbitrate arising from that alleged consent—did not originate from Plaintiff. These issues raise factual disputes concerning contract formation and assent that cannot be resolved on the pleadings alone. Limited discovery is therefore minimally appropriate to address arbitrability, and a blanket stay would be improper.

Defendant also overstates the burden of discovery. No discovery has yet been served generalized assertions regarding the cost of discovery in putative class actions do not establish good cause for a stay. In contrast, Plaintiff will be prejudiced by a stay. Evidence relevant to Plaintiff's claims, including call data, lead information, and third-party relationships, may become more difficult to obtain with the passage of time. A stay would delay Plaintiff's ability to prosecute his claims and obtain information necessary to respond to Defendant's arbitration arguments and to advance the case.

Finally, the balance of interests weighs against a stay. Defendant faces only the ordinary burdens of litigation, while Plaintiff faces delay and potential evidentiary prejudice. Allowing discovery to proceed will promote efficiency and aid the Court in resolving the parties' disputes, including the arbitration issue.

For these reasons, Defendant has not demonstrated good cause for a stay of discovery, and its motion should be denied.

Dated: March 29, 2026

/s/ Anthony I. Paronich
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com
Counsel for the Plaintiff

3