## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

**LEON WEINGRAD**, individually and on behalf of all others similarly situated,

   *Plaintiff,*

*v.*

**EVERQUOTE, INC.**,

   *Defendant.*

Case No. 1:26-cv-10197

## DEFENDANT EVERQUOTE, INC.'S MOTION FOR LEAVE TO FILE REPLY BRIEFS

Defendant EverQuote, Inc. ("EverQuote"), pursuant to Local Rule 7.1(b)(3), respectfully moves this Court for leave to file reply briefs in further support of its Motion to Dismiss [ECF No. 19], Motion to Strike Class Allegations [ECF No. 23], and Motion to Stay Discovery [ECF No. 21]. In support of this Motion, EverQuote states as follows:

1. On March 23, 2026, EverQuote filed its Motion to Dismiss Pursuant to Rule 12(b)(6) [ECF No. 19], Motion to Strike Class Allegations [ECF No. 23], Motion to Stay Discovery [ECF No. 21], and Motion to Compel Arbitration [ECF No. 17], along with supporting memoranda.

2. On March 29, 2026, Plaintiff filed oppositions to EverQuote's Motion to Dismiss [ECF No. 25], Motion to Strike Class Allegations [ECF No. 26], and Motion to Stay Discovery [ECF No. 27]. Plaintiff's opposition to EverQuote's Motion to Compel Arbitration has been extended to April 20, 2026, by consent of the parties. [ECF No. 29].

3. In Plaintiff's Opposition to EverQuote's Motion to Dismiss [ECF No. 25], Plaintiff raised the following arguments: (1) the TCPA does not require a plaintiff to personally

register a telephone number on the National Do Not Call Registry; and (2) the policy consequences of requiring personal registration would undermine the statute's protections. EverQuote seeks to respond to these arguments. EverQuote respectfully submits that its reply will assist the Court in resolving this Motion.

4.     In Plaintiff's Opposition to EverQuote's Motion to Strike Class Allegations [ECF No. 26], Plaintiff raised the following arguments: (1) striking class allegations at the pleading stage is premature and disfavored; (2) consent and established business relationship defenses do not warrant striking class allegations prior to discovery; (3) text messages qualify as "calls" under the TCPA's Do Not Call provisions; and (4) the proposed class definition is not a fail-safe class. EverQuote seeks to respond to these arguments. EverQuote respectfully submits that its reply will assist the Court in resolving this Motion.

5.     In Plaintiff's Opposition to EverQuote's Motion to Stay Discovery [ECF No. 27], Plaintiff raised the following arguments: (1) the pendency of dispositive motions alone does not constitute good cause; (2) limited discovery is necessary to address arbitrability; and (3) Plaintiff will be prejudiced by delay. EverQuote seeks to respond to these arguments.

6.     EverQuote respectfully submits that its reply will assist the Court in resolving this Motion. EverQuote submits that its reply briefs in support of its Motion to Dismiss and Motion to Strike Class Allegations will not exceed fifteen (15) pages each, and its reply brief in support of its Motion to Stay Discovery will not exceed ten (10) pages, consistent with Local Rule 7.1(b)(4), and respectfully requests fourteen (14) days from the date of the Court's Order granting this Motion to file its replies.

7.     Plaintiff will not be prejudiced by the filing of reply briefs, as no hearing is currently scheduled on any of EverQuote's pending motions.

8.    On March 31, 2026, counsel for EverQuote conferred with counsel for Plaintiff via email regarding this request. Plaintiff's counsel did not take a position, indicating he would need to review the reply briefs before doing so.

WHEREFORE, for all of these reasons, EverQuote respectfully requests the Court grant this Motion for Leave to file Reply Briefs in support of its Motion to Dismiss [ECF No. 19], Motion to Strike Class Allegations [ECF No. 23], and Motion to Stay Discovery [ECF No. 21], and permit EverQuote to file its reply briefs within fourteen (14) days of the Court's Order on this Motion.

Dated: April 1, 2026                     Respectfully submitted,

                                         */s/ Christopher B. Parkerson*
                                         Christopher B. Parkerson, (BBO#662952)
                                         Campbell Conroy & O'Neil, P.C.
                                         20 City Square, Suite 300
                                         Boston, MA 02129
                                         Telephone: (617) 241-3075
                                         cparkerson@campbell-trial-lawyers.com

                                         AND

                                         Eric J. Troutman (*pro hac vice)*
                                         Tori L. Guidry (*pro hac vice*)
                                         Blake H. Landis (*pro hac vice forthcoming*)
                                         400 Spectrum Center Drive Suite 1450
                                         Irvine, CA 92618
                                         Telephone: (949) 350-3663
                                         Facsimile:(949)203-8689
                                         tori@troutmanamin.com

                                         *Counsel for Defendant EverQuote, Inc.*

## CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 7.1(a)(2), I hereby certify that on March 31, 2026, counsel for EverQuote conferred with counsel for Plaintiff, Anthony I. Paronich, via email regarding the relief sought in this Motion. Plaintiff's counsel did not take a position on the relief sought.

*/s/ Christopher B. Parkerson*
Christopher B. Parkerson

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 1, 2026, a copy of the foregoing was filed electronically and served by other electronic means on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by e-mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

*/s/ Christopher B. Parkerson*
Christopher B. Parkerson

4