**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **LEON WEINGRAD**, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>**EVERQUOTE, INC.**,<br><br>*Defendant.* | Case No. 1:26-cv-10197<br><br>Leave to File Granted on April 2, 2026 (ECF No. 33).<br><br>Hon. Paul G. Levenson |

**DEFENDANT EVERQUOTE, INC.'S
<u>REPLY IN SUPPORT OF ITS MOTION TO DISMISS</u>**

Defendant EverQuote, Inc. ("EverQuote"), respectfully submits this Reply in support of its

Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

## I.  <u>INTRODUCTION</u>

Plaintiff's Opposition does not overcome the plain text of 47 C.F.R. § 64.1200(c) that

EverQuote's Motion to Dismiss identified as the basis for dismissal. Instead, Plaintiff asks this

Court to disregard the regulation's unambiguous language, dismiss *Rombough v. Robert D. Smith*

*Ins. Agency, Inc.*, No. 22-CV-15-CJW-MAR, 2022 WL 2713278 (N.D. Iowa June 9, 2022)—as a

lone "outlier," and adopt instead a construction that renders critical regulatory language

superfluous. Following *McLaughlin Chiropractic Associates, Inc. v. McKesson Corp.*, 606 U.S.

146 (2025), this Court must independently interpret the TCPA's implementing regulations under

ordinary principles of statutory construction. When it does so, the regulation's text is clear: it

protects only "a residential telephone subscriber who has registered his or her telephone number".

47 C.F.R. § 64.1200(c)(2).

Plaintiff's Opposition raises four arguments, none of which withstands scrutiny: (1) that personal registration is "impossible to prove" because the FTC does not collect registrant identity information; (2) that *Rombough* is an outlier rejected by every other court; (3) that the "honored indefinitely" clause shows protections attach to the number, not the subscriber; and (4) that policy concerns justify departing from the regulatory text. Each fails for the reasons set forth below.

## II.    <u>ARGUMENT</u>

### A.    **Personal Registration Is Not "Impossible to Prove"—Plaintiff Failed to Allege It.**

Plaintiff's lead argument is that personal registration cannot be a required element because the FTC "is neither authorized to nor collects" registrant identity information. Opp. at p. 3. Plaintiff then asserts that requiring personal registration would "run afoul" of the FCC's 2003 TCPA Order, which noted that "the only consumer information telemarketers and sellers will receive from the national registry is the registrant's telephone number." *Id.* (quoting *In re Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd. 14014, 14037 (2003)).

This argument conflates two entirely different inquiries. The 2003 TCPA Order addressed the information that *telemarketers* would receive from the Registry, namely, only telephone numbers, without personally identifiable information. That limitation exists to protect consumer privacy *from telemarketers*. It says nothing about what a *plaintiff* must allege in a complaint to invoke the TCPA's protections. As EverQuote explained in its Motion to Dismiss, "[t]he regulation's text expressly mandates personal registration—no ambiguity exists that would justify looking beyond its clear language." ECF No. 20 at p. 3.

A plaintiff who personally registered his telephone number on the DNC Registry knows that he did so—it is an affirmative, voluntary act. Plaintiff did not make that allegation. Instead, Plaintiff alleged only that his number is "listed on the national Do Not Call Registry." Compl. ¶

19. As EverQuote's Motion demonstrated, the difference between a number that is passively "listed" and one that the plaintiff affirmatively "registered" is precisely the distinction that § 64.1200(c) draws. ECF No. 20 at p. 5. Plaintiff's Opposition does not address this distinction.

Accordingly, Plaintiff cannot avoid the regulation's pleading requirement by recasting his failure to allege personal registration as an evidentiary impossibility.

**B.      Courts Rejecting *Rombough* Have Not Addressed the Dispositive Textual Argument.**

Plaintiff devotes the bulk of his Opposition to cataloging district courts that have rejected *Rombough*, characterizing it as a lone "outlier" whose reasoning "borders on the frivolous." Opp. at p. 4 (quoting *Callier v. Am.-Amicable Life Ins. Co. of Tex.*, 2022 WL 17732717, at *6 (W.D. Tex. Oct. 18, 2022)). But the persuasive value of a legal interpretation does not depend on how many courts have adopted it—it depends on the quality of the textual analysis. And none of the authority Plaintiff relies on overrides the actual text of § 64.1200(c)(2).

As EverQuote's Motion to Dismiss explained, the plain language of § 64.1200(c) requires that a plaintiff plead facts showing he falls within the category of persons protected by the regulation, namely, a residential telephone subscriber who has registered his or her telephone number. *See Rombough*, 2022 WL 2713278 at *2; ECF No. 20 at p. 3. The regulation's use of the phrase "registered *his or her* telephone number" plainly contemplates that the person invoking the TCPA's protections must have been the one to place the number on the Registry. *Id.* In *Callier,* the Court dismissed this analysis as "nitpicky formality," reasoning that it is "unlikely" a third party registered the number. *Callier,* 2022 WL 17732717 at *6. But likelihood is not a substitute for statutory text. *See Campbell v. Wash. Cnty. Tech. Coll.*, 219 F.3d 3, 6 (1st Cir. 2000) ("Absent ambiguity, the inquiry ends with the text of the statute.").

Under *McLaughlin Chiropractic Associates, Inc. v. McKesson Corp.*, 606 U.S. 146 (2025),

this Court must independently interpret the TCPA and its implementing regulations under ordinary principles of statutory construction—and when it does, the text of § 64.1200(c) speaks for itself.

**C.      The "Honored Indefinitely" Clause Does Not Eliminate The Personal Registration Requirement.**

The centerpiece of decisions rejecting *Rombough*—and of Plaintiff's Opposition—is the second sentence of § 64.1200(c)(2), which provides that registrations "must be honored indefinitely." Plaintiff asserts this demonstrates the TCPA's protections attach to the *number*, not the *subscriber*. Opp. at p. 3. Plaintiff relies on *Nichols v. eHealthInsurance Servs.*, 2025 U.S. Dist. LEXIS 37917, at *8-9 (N.D. Cal. Mar. 3, 2025), which criticized *Rombough* for not reconciling its construction with the "honored indefinitely" language.

But the reconciliation is straightforward—and it is found in a word that neither *Nichols* nor any other court rejecting *Rombough* has addressed. The full text of the regulation provides:

> No person or entity shall initiate any telephone solicitation to . . . [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry . . . . ***Such*** do-not-call registrations must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator.

47 C.F.R. § 64.1200(c)(2) (emphasis added). The word "*such*" is a demonstrative adjective that refers back to its antecedent—here, registrations made by "a residential telephone subscriber who has registered *his or her* telephone number." *Id.* The phrase "*such* do-not-call registrations" does not refer to all registrations in the abstract. It refers to the specific type defined in the preceding sentence: those personally made by the subscriber. Those registrations—and only those—"must be honored indefinitely."

This reading gives full effect to every word. The first sentence defines *who* is protected: a

subscriber who has personally registered. The second sentence defines *how long* that protection lasts: indefinitely. The word "such" connects the two, ensuring the durational protection applies only to personal registrations. Reading the second sentence in isolation—as Plaintiff and the courts he cites have done—severs "such" from its antecedent and renders it superfluous. *See* ECF No. 20 at p. 4 (explaining that "the phrase 'must be honored indefinitely' . . . does not extend TCPA standing to individuals who never took the affirmative step of registering the number themselves"). Not one of the decisions Plaintiff cites—*Nichols*, *Callier*, *Watson*, or *Murch*—addresses the significance of this word.

At bottom, the "honored indefinitely" clause does not erase the personal-registration requirement; it presupposes it.

**D.    Plaintiff's Own Allegations Underscore the Need for Personal Registration.**

Plaintiff's Opposition also fails to address a critical allegation in his own Complaint that EverQuote's Motion to Dismiss highlighted: Plaintiff's admission that "the calls appear to have been intended for someone else unknown to Plaintiff." Compl. ¶ 28; ECF No. 20 at p. 5. This admission raises the very real possibility that a prior subscriber—the "someone else" for whom the calls were intended—was the person who registered the number on the DNC Registry, and that Plaintiff subsequently acquired the number without independently registering it.

Indeed, this is not a hypothetical scenario. It is the factual inference most naturally drawn from Plaintiff's own pleading. If Plaintiff had personally registered his number, he could simply have alleged that fact. Plaintiff did not. Instead, Plaintiff's Complaint pleads only the passive formulation that his number is "listed" on the Registry—not that he "registered" it. Compl. ¶ 19. Alternatively, *Callier's* assumption that it is unlikely a third party registered the number does not fit the specific facts alleged here.

On Plaintiff's own allegations, this case illustrates exactly why the regulation's personal-registration requirement matters.

**E.     Policy Arguments Cannot Override The Regulation's Plain Text.**

Lastly, Plaintiff argues that requiring personal registration creates a "loophole" allowing telemarketers to target inherited numbers "with impunity." Opp. at p. 5. However, this assertion *cannot* override the plain regulatory text. *Campbell*, 219 F.3d at 6 ("Absent ambiguity, the inquiry ends with the text of the statute."). Indeed, "[t]his requirement cannot be reinterpreted in light of policy reasoning or legislative intent" where the text is plain. ECF No. 20 at pp. 3-4.

Moreover, the concern is overstated. A consumer who acquires a previously registered number can simply re-register—a process that takes minutes and costs nothing. The TCPA's framework empowers consumers to opt into its protections through the affirmative act of registration. This opt-in structure is consistent with First Amendment principles underlying the DNC framework. *See Martin v. Struthers*, 319 U.S. 141, 148-49 (1943); ECF No. 20 at p. 5.

Plaintiff's Opposition ultimately asks this Court to expand the regulation beyond its text, and ordinary principles of statutory construction do not permit that result.

**IV.     CONCLUSION**

For the foregoing reasons, EverQuote respectfully requests that the Court grant EverQuote's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

Dated: April 16, 2026                          Respectfully submitted,

                                                        */s/ Christopher B. Parkerson*
                                                        Christopher B. Parkerson (BBO#662952)
                                                        Campbell Conroy & O'Neil, P.C.
                                                        20 City Square, Suite 300
                                                        Boston, MA 02129
                                                        Telephone: (617) 241-3075
                                                        cparkerson@campbell-trial-lawyers.com

AND

Eric J. Troutman (*pro hac vice)*
Tori L. Guidry (*pro hac vice*)
Blake H. Landis (*pro hac vice*)
400 Spectrum Center Drive, Suite 1450
Irvine, CA 92618
Telephone: (949) 350-3663
Facsimile:(949)203-8689
tori@troutmanamin.com

*Counsel for Defendant EverQuote, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 16, 2026, a copy of the foregoing was filed electronically and served by other electronic means on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by e-mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

*/s/ Christopher B. Parkerson*
Christopher B. Parkerson