**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **LEON WEINGRAD**, individually and on behalf of all others similarly situated, | |
| *Plaintiff,* | Case No. 1:26-cv-10197 |
| | Leave to File Granted on April 2, 2026 (ECF No. 33). |
| *v.* | |
| | Hon. Paul G. Levenson |
| **EVERQUOTE, INC.**, | |
| *Defendant.* | |

**DEFENDANT EVERQUOTE, INC.'S
REPLY IN SUPPORT OF ITS MOTION TO STAY DISCOVERY**

Defendant EverQuote, Inc. ("EverQuote"), respectfully submits this Reply in support of its motion to Stay Discovery (the "Motion") pending the Court's ruling on EverQuote's Motion to Dismiss, Motion to Compel Arbitration, and Motion to Strike Class Allegations (the "Pending Motions") pursuant to Federal Rule of Civil Procedure 26(c).

## I.     INTRODUCTION

Plaintiff's Opposition is an attempt to force costly, burdensome, and premature class-wide discovery on claims that are legally deficient and subject to binding arbitration. Plaintiff's two-page filing, which cites not a single case or legal authority, offers nothing more than generalized assertions and speculation that fall far short of establishing that a stay is unwarranted.

Plaintiff's arguments fail for three fundamental reasons. First, Plaintiff summarily dismisses EverQuote's Pending Motions as presenting "ordinary legal arguments" while entirely ignoring that those motions raise threshold, case-ending challenges—including that the dispute belongs in binding, individual arbitration; that the Complaint fails to state a claim as a matter of

1

law; and that the proposed class is facially uncertifiable. *See* ECF No. 22 at pp. 3-5 (detailing each Pending Motion's potentially dispositive nature). Courts in this District have consistently recognized that "[a] pending dispositive motion constitutes good cause for a stay of discovery." *Malanowski v. Wells Fargo Bank N.A.*, No. CV 3:21-11628-MGM, 2022 WL 2758474, at *2 (D. Mass. July 14, 2022). Plaintiff provides no authority to the contrary.

Second, Plaintiff's claims of prejudice from a stay are entirely speculative. Plaintiff identifies no specific evidence at risk, no witness who may become unavailable, and no concrete harm—only a vague assertion that evidence "may become more difficult to obtain with the passage of time." Opp. at 2. This generalized, unsupported claim of prejudice is insufficient to defeat a stay, particularly where, as here, the case is in its absolute infancy with no answer filed and no discovery exchanged. *See* ECF No. 22 at pp. 2, 6.

Third, Plaintiff's suggestion that EverQuote faces only "ordinary burdens of litigation" ignores the reality of class-wide TCPA discovery. As set forth in the Motion, Plaintiff seeks to certify a nationwide class, and TCPA class discovery routinely demands the burdensome and expensive identification, collection, and production of data for every call made during the proposed class period. *See* ECF No. 22 at pp. 6-8; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558-59 (2006) (emphasizing the expense and burden of discovery in class actions). Forcing EverQuote to incur these costs while three threshold motions remain pending would be a significant waste of resources.

In light of these circumstances, EverQuote respectfully requests that this Honorable Court exercise its discretion to stay discovery until the critical legal issues raised in EverQuote's Pending Motions are thoroughly addressed and resolved. This approach not only ensures the integrity of the proceedings but also mitigates unnecessary burdens on the parties.

## II.    **ARGUMENT**

### A.    **The Pending Motions Are Potentially Dispositive And Justify A Stay.**

Plaintiff asserts that EverQuote's Pending Motions present "ordinary legal arguments rather than clear, case-ending defects." Opp. at 1. This characterization ignores the substance of the motions and misstates the applicable standard. Plaintiff cites no authority—in this District or elsewhere—for the proposition that a stay requires a showing of "clear, case-ending defects." To the contrary, this Court has recognized that "[a] pending dispositive motion constitutes good cause for a stay of discovery." *Malanowski*, 2022 WL 2758474, at *2; *see also Hillside Plastics, Inc. v. Dominion & Grimm U.S.A., Inc.*, No. 3:17-CV-30037-MAP, 2018 WL 3727365, at *2 (D. Mass. Aug. 6, 2018) ("The court has broad discretion to stay discovery pending resolution of a motion to dismiss."). Plaintiff's unsupported assertion to the contrary does not alter this well-established standard.

Here, EverQuote has filed three separate, potentially dispositive motions, any one of which could resolve this action entirely or fundamentally alter its scope. *See* ECF No. 22 at pp. 3-4 (collecting cases supporting stays pending resolution of potentially dispositive motions). First, EverQuote's Motion to Compel Arbitration seeks to send this dispute to binding, individual arbitration. The webform used to generate the lead at issue contained a broad dispute-resolution provision, a strict class-action waiver, and a delegation clause reserving issues of arbitrability to the arbitrator. *See* ECF No. 22 at p. 4. If granted, this motion would remove the case from this Court's jurisdiction entirely, rendering all discovery in this forum moot.

Second, EverQuote's Motion to Dismiss demonstrates that Plaintiff's TCPA claim fails as a matter of law because, under the plain language of 47 C.F.R. § 64.1200(c), relief is limited to a subscriber who "has registered his or her telephone number" on the National DNC Registry—an

element Plaintiff has failed to plead. *See* ECF No. 22 at p. 4; *Rombough v. Robert D. Smith Ins. Agency, Inc.*, No. 22-CV-15-CJW-MAR, 2022 WL 2713278, at *2 (N.D. Iowa June 9, 2022). If granted, this motion would dispose of all claims against EverQuote.

Third, EverQuote's Motion to Strike Class Allegations establishes that the proposed National DNC Class is fatally overbroad, lacks basic Rule 23 commonality, and relies on impermissible merits-based criteria. *See* ECF No. 22 at p. 5. If granted, this motion would eliminate all class claims, leaving only Plaintiff's individual claim—which itself is subject to arbitration and dismissal.

Indeed, because these motions present purely legal issues that can be resolved without discovery, good cause exists for a stay. Moreover, "the possibility that a single claim will survive does not preclude granting a motion for a stay." *Channing Bete Co., Inc. v. Greenberg*, No. 3:19-CV-30032-MGM, 2021 WL 4398510, at *2 (D. Mass. Sept. 27, 2021); ECF No. 22 at p. 5. This Court's grant of a stay pending resolution of the Pending Motions would not unreasonably delay litigation. *See Dicenzo v. Massachusetts Dep't of Correction*, No. 3:15-CV-30152-MGM, 2016 WL 158505, at *2 (D. Mass. Jan. 13, 2016).

**B.      Plaintiff's Arbitration Arguments Support Rather Than Defeat A Limited Stay Of Discovery.**

Plaintiff contends that EverQuote's Motion to Compel Arbitration does not justify a stay because Plaintiff "disputes the existence of any valid and enforceable arbitration agreement" and because "limited discovery is therefore minimally appropriate to address arbitrability." Opp. at 1-2. This argument is flawed; it actually supports the necessity for a stay.

Here, proceeding with merits discovery before the Court determines the threshold issue of arbitrability would be wasteful and prejudicial. If the Court grants arbitration, all discovery in this forum, including any class discovery Plaintiff seeks, would be entirely moot. As this Court has

recognized, "it makes little sense to force either side to go through expensive discovery where all, or part, of the case may be dismissed." *Steward Health Care Sys. LLC v. Southcoast Health Sys., Inc.*, No. CV 15-14188-MLW, 2016 WL 11004353, at \*2 (D. Mass. June 15, 2016). This principle applies where, as here, a pending motion to compel arbitration could remove the entire case from this Court's jurisdiction. Allowing Plaintiff to embark on costly class-wide discovery before this threshold issue is resolved would be highly inefficient.

Moreover, Plaintiff's suggestion that "limited discovery" on arbitrability is warranted is a red herring. As set forth in EverQuote's Motion to Compel Arbitration, the arbitration agreement at issue features a broad delegation clause that reserves the threshold question of arbitrability itself for the arbitrator, not this Court. *See* ECF No. 22 at p. 4. Plaintiff's assertion that "any purported agreement to arbitrate . . . did not originate from Plaintiff" is a factual dispute that goes to the merits of the arbitration motion—not a basis to deny a stay and commence wide-ranging class discovery. Opp. at 1-2.

At bottom, the arbitrability question is a threshold issue that could remove this entire case from this Court's jurisdiction; a stay pending its resolution is both appropriate and necessary.

**C.        Plaintiff's Claims Of Prejudice Are Entirely Unsupported and Speculative.**

Plaintiff's Opposition rests heavily on the assertion that "evidence relevant to Plaintiff's claims, including call data, lead information, and third-party relationships, may become more difficult to obtain with the passage of time." Opp. at 2. Yet Plaintiff cites no case law, identifies no specific evidence at risk, and provides no basis to believe any records are in danger of being lost or destroyed. This type of speculative, unsupported claim of prejudice is precisely what courts reject when evaluating a stay. *See Channing Bete*, 2021 WL 4398510 at \*3 (finding that "the possible prejudice to [the plaintiff] of some further delay in this litigation does not justify the costs

of requiring the parties to engage in discovery").

Plaintiff's concerns are further belied by the procedural posture of this case. This case is in its absolute infancy—no answer has been filed, no Rule 26(f) conference has been held, no discovery has been served, and no scheduling order is in place. *See* ECF No. 22 at p. 2. Courts in this District recognize that a "relatively brief delay" until the disposition of dispositive motions is entirely reasonable under these circumstances. *See Dicenzo*, 2016 WL 158505 at *2. A brief delay at this nascent stage of the litigation will cause no prejudice to Plaintiff.

Plaintiff's attempt to characterize the requested stay as an indefinite delay also mischaracterizes EverQuote's request. EverQuote seeks only a limited stay until the Court resolves the Pending Motions—motions that present purely legal issues requiring no factual development. *See* ECF No. 22 at p. 5 (explaining that the Pending Motions "can be decided absent any additional discovery"). If Plaintiff's claims survive the Pending Motions, discovery can proceed expeditiously at that time.

Because Plaintiff has failed to identify any concrete, cognizable prejudice from a brief stay, this factor weighs decisively in EverQuote's favor.

**D.      The Burden and Expense of Class-Wide TCPA Discovery Strongly Favor a Stay.**

Plaintiff's assertion that EverQuote faces "only the ordinary burdens of litigation" fundamentally mischaracterizes the scope and expense of class-wide TCPA discovery. Opp. at 2. As the Supreme Court has cautioned, the "threat of discovery expense will push cost-conscious defendants to settle even anemic cases" before reaching summary judgment or trial. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558-59 (2006). This concern is particularly acute in TCPA class actions, where plaintiffs routinely demand the burdensome and expensive identification, collection, and production of data for every call a defendant made during the proposed class period. *See* ECF No. 22 at pp. 5-6.

Here, the burden is not hypothetical; it is specific and substantial. Plaintiff seeks to certify a nationwide class, which would require EverQuote to collect and produce extensive documentation about its telephone systems, calling records, DNC compliance procedures, lead generation practices, and third-party business relationships—the vast majority of which may prove entirely unnecessary if any of the three Pending Motions is granted. Forcing EverQuote to incur these potentially enormous costs while threshold motions remain pending would be a significant and unwarranted waste of corporate and judicial resources.

Conversely, Plaintiff's claimed prejudice is negligible. As discussed above, Plaintiff has identified no specific evidence at risk and no concrete harm from a brief delay. This case remains in its earliest stages, and if Plaintiff's claims survive the Pending Motions, discovery can proceed without any meaningful delay. As this Court has recognized, "it makes little sense to force either side to go through expensive discovery where all, or part, of the case may be dismissed." *Steward*, 2016 WL 11004353 at *2.

Accordingly, the balance of interests weighs decisively in favor of a stay.

**E.     Plaintiff's Opposition Fails to Cite Any Legal Authority.**

Finally, the Court should note that Plaintiff's Opposition fails to cite a single case or legal authority in support of any of its arguments. Local Rule 7.1(b)(2) requires that "a party opposing a motion shall file in the same (rather than a separate) document a memorandum of reasons, *including citation of supporting authorities*, why the motion should not be granted." (emphasis added). Courts in this District have held that the failure to cite supporting authorities in an opposition violates this requirement. *See Bek v. Wells Fargo Home Mortg.*, No. CV 18-11096-DHH, 2018 WL 4292284, at *6 (D. Mass. Sept. 7, 2018) (holding that plaintiff's argument "fails to comply with Local Rule 7.1(b)(2)" where plaintiff did not provide any citation to supporting

authority in her opposition).

Here, Plaintiff's Opposition contains no case citations, only unsupported, conclusory assertions that the Pending Motions "lack merit," that EverQuote faces "only the ordinary burdens of litigation," and that evidence "may become more difficult to obtain." Opp. at 1-2. Plaintiff's failure to cite any supporting authority is telling. It reflects the absence of *any* legal basis for opposing a stay where, as here, EverQuote has filed three threshold motions that present purely legal issues, the case is in its infancy, and Plaintiff has identified no concrete prejudice.

Accordingly, EverQuote's request for a stay is both reasonable and necessary.

## IV.   **CONCLUSION**

For the foregoing reasons, EverQuote respectfully requests that the Court stay discovery until the Court rules on EverQuote's Pending Motions pursuant to Fed. R. Civ. P. 26(c).

Dated: April 16, 2026                         Respectfully submitted,

                                              */s/ Christopher B. Parkerson*
                                              Christopher B. Parkerson (BBO#662952)
                                              Campbell Conroy & O'Neil, P.C.
                                              20 City Square, Suite 300
                                              Boston, MA 02129
                                              Telephone: (617) 241-3075
                                              cparkerson@campbell-trial-lawyers.com

                                              AND

                                              Eric J. Troutman (*pro hac vice)*
                                              Tori L. Guidry (*pro hac vice*)
                                              Blake H. Landis (*pro hac vice*)
                                              400 Spectrum Center Drive, Suite 1450
                                              Irvine, CA 92618
                                              Telephone: (949) 350-3663
                                              Facsimile:(949)203-8689
                                              tori@troutmanamin.com

                                              *Counsel for Defendant EverQuote, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 16, 2026, a copy of the foregoing was filed electronically and served by other electronic means on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by e-mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

*/s/ Christopher B. Parkerson*
Christopher B. Parkerson