**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **LEON WEINGRAD**, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>*v.*<br><br>**EVERQUOTE, INC**.,<br><br>*Defendant.* | Case No. 1:26-cv-10197<br><br>Leave to File Granted on April 2, 2026 (ECF No. 33).<br><br>Hon. Paul G. Levenson |

**DEFENDANT EVERQUOTE, INC.'S
REPLY IN SUPPORT OF ITS MOTION TO STRIKE CLASS ALLEGATIONS**

Defendant EverQuote, Inc. ("EverQuote"), respectfully submits this Reply in support of its Motion to Strike Class Allegations.

## I.   INTRODUCTION

Plaintiff's Opposition does not cure the facial defects in the proposed National DNC Class that EverQuote's Motion identified. Instead, Plaintiff argues that striking class allegations is "premature" and that the defects EverQuote raised are better addressed at class certification. Opp. at pp. 1-2. But this Court has recognized that where it is "obvious from the pleadings" that a case "cannot possibly move forward on a classwide basis," striking class allegations is appropriate. *See* ECF No. 24 at pp. 3-4 (citing *Downing v. Keurig Green Mountain, Inc.*, 2021 WL 2403811, at *7 (D. Mass. June 11, 2021); *Rovinelli v. Trans World Ent. Corp.*, 2021 WL 752822, at *6 (D. Mass. Feb. 2, 2021) ("[J]udges in this District have demonstrated a willingness to grant motions to strike class allegations.") (collecting cases)). The proposed National DNC Class presents exactly that situation: facial defects that no amount of discovery can cure.

1

Here, Plaintiff's Opposition raises five arguments: (1) that striking is premature; (2) that there is no personal registration requirement; (3) that consent is an affirmative defense inappropriate for resolution at the pleadings stage; (4) that text messages constitute "calls" under § 227(c)(5); and (5) that leave to amend should be granted. None overcomes the facial defects apparent on the Complaint. Each fails for the reasons set forth below.

## II.     ARGUMENT

### A.     Striking At The Pleadings Stage Is Appropriate Where The Defects Are Facial And Incurable.

Plaintiff asserts that Rule 12(f) motions are "disfavored" and that class certification questions should be resolved on a developed record. Opp. at pp. 3-5. Plaintiff relies on *Rosenberg v. LoanDepot.com LLC*, 435 F. Supp. 3d 308, 318 (D. Mass. 2020), where the Court found that "consent as a potential affirmative defense is insufficient to warrant striking the putative class solely on the pleadings." *Id.* But EverQuote's Motion does *not* rest on speculation about affirmative defenses. It rests on defects apparent from the four corners of the Complaint—defects that no amount of discovery can cure.

Here, the proposed class definition facially sweeps in three categories of individuals who possess no viable claim: (1) those who consented or had an EBR, *see* ECF No. 24 at pp. 6-8; (2) those who did not personally register their numbers, *see* ECF No. 24 at pp. 8-11; and (3) those who only received text messages, *see* ECF No. 24 at pp. 11-13. These are not factual disputes that discovery will resolve—they are structural defects in the class definition itself. *See* ECF No. 24 at p. 4 (citing *Kohen v. Pac. Inv. Mgmt. Co. LLC*, 571 F.3d 672, 678 (7th Cir. 2009) ("[A] class should not be certified if it contains a great many of persons who have suffered no injury.")).

Plaintiff's reliance on *Mantha v. QuoteWizard.com, LLC*, 347 F.R.D. 376 (D. Mass. 2024), is misplaced. *Mantha* involved a class certified after full discovery on a developed record—the

Court was not addressing whether facial defects warranted striking at the pleadings stage. The question here is not whether TCPA classes can ever be certified, but whether *this* class definition is facially viable. It is not.

Accordingly, where the defects are apparent from the face of the Complaint, and no discovery can cure them, striking now is entirely appropriate.

**B.    The Class Is Facially Overbroad Because It Fails to Exclude Uninjured Individuals.**

Plaintiff argues that consent and EBR are affirmative defenses that cannot warrant striking class allegations before discovery. Opp. at pp. 7-10. Plaintiff relies on *Bridging Cmtys. Inc. v. Top Flite Fin. Inc.*, 843 F.3d 1119, 1126 (6th Cir. 2016), for the proposition that "the mere mention of a defense is not enough to defeat the predominance requirement." Opp. at p. 7.

But EverQuote's argument is not about predominance at the certification stage; it is about Article III standing at the pleadings stage. As the Supreme Court has held, "[e]very class member must have Article III standing in order to recover individual damages." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021); *see* ECF No. 24 at p. 7 (collecting cases). Individuals who consented or had an EBR suffered no cognizable injury under the TCPA. *See* ECF No. 24 at pp. 6-7 (citing *Smith v. Microsoft Corp.*, 297 F.R.D. 464, 471 (S.D. Cal. 2014) (absence of consent is "one of the three elements of a TCPA claim"); *Fields v. Mobile Messengers Am., Inc.*, 2013 WL 6073426, at *3 (N.D. Cal. Nov. 18, 2013)). Their inclusion in the class is not a speculative "defense"—it is a structural defect in the definition.

Moreover, the cases Plaintiff cites were decided at or after class certification, on a full evidentiary record—not at the pleadings stage. *See* Opp. at pp. 8-9 (citing *True Health Chiropractic, Inc. v. McKesson Corp.*, 896 F.3d 923, 932-33 (9th Cir. 2018); *Braver v. Northstar Alarm Servs., LLC*, 329 F.R.D. 320, 329 (W.D. Okla. 2018)). The question here is whether the

class definition is facially viable before any discovery occurs. Courts routinely strike overbroad definitions at this stage. *See* ECF No. 24 at pp. 5-8 (collecting cases striking overbroad TCPA class definitions at the pleadings stage where consent and EBR defenses were apparent from the face of the complaint).

Because the class definition necessarily includes individuals with no viable claim, it is facially overbroad and should be stricken now.

**C.    The Personal Registration Requirement Renders The Class Further Overbroad.**

Plaintiff's Opposition on this point largely incorporates his Opposition to EverQuote's Motion to Dismiss (ECF No. 25). *See* Opp. at p. 7. EverQuote respectfully incorporates by reference the arguments set forth in its Reply in Support of its Motion to Dismiss, which demonstrates that the plain text of 47 C.F.R. § 64.1200(c)—specifically, the word "such" in the second sentence—limits the regulation's protections to individuals who personally registered their telephone numbers. *See* ECF No. 24 at pp. 8-11 (explaining that "[t]he regulation's use of the phrase 'registered his or her telephone number' plainly contemplates that the person bringing suit must have been the one to place the number on the registry").

Because the proposed class definition does not limit membership to individuals who personally registered their numbers, it necessarily includes individuals with no standing under the TCPA. *See* ECF No. 24 at p. 11. This defect is incurable and further warrants striking the class.

For that independent reason as well, the class is facially overbroad and cannot proceed as pled.

**D.    Text Messages Are Not Actionable Under § 227(c)(5)'s Private Right of Action.**

Plaintiff devotes the bulk of his Opposition to assert that text messages are "calls" under the TCPA. Opp. at pp. 11-19. But Plaintiff's own authorities undermine his position.

Plaintiff leads with *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 156 (2016), which stated that "[a] text message to a cellular telephone, it is undisputed, qualifies as a 'call.'" Opp. at p. 11. But Plaintiff omits a critical detail: the Supreme Court made that statement in the context of § 227(*b*)(1)(A)(iii)—not § 227(*c*). *See Campbell-Ewald*, 577 U.S. at 156 ("within the compass of § 227(b)(1)(A)(iii)"). Section 227(b) and § 227(c) are distinct provisions with different texts. Section 227(c)(5)—the DNC private right of action at issue here—provides a remedy only for "telephone call[s]." 47 U.S.C. § 227(c)(5). *Campbell-Ewald* did not address whether text messages constitute "telephone calls" under § 227(c)(5).

The same flaw undermines Plaintiff's TRACED Act argument. Plaintiff contends that Congress "ratified" the FCC's interpretation when it amended the TCPA in 2019 to reference "a call made or a text message sent in violation of subsection (**b**)." Opp. at p. 13 (citing 47 U.S.C. § 227(i)(1)(A)) (emphasis added). But Congress specifically limited that reference to § 227(b)—not § 227(c). If anything, Congress's decision to explicitly reference text messages in § 227(b) while leaving § 227(c)(5)'s "telephone call" language untouched confirms that text messages are not actionable under the DNC provisions.

Similarly, Plaintiff's First Circuit authority does not support his position. *Breda v. Cellco Partnership*, 934 F.3d 1 (1st Cir. 2019), addressed § 227(b) claims—not § 227(c). The footnote Plaintiff cites that the TCPA "also applies to other forms of communications, such as text messages", was made in the § 227(b) context. Opp. at p. 11. *Jones v. Safr Techs., Inc.*, 793 F. Supp. 3d 362, 367 (D. Mass. 2025), likewise acknowledged the First Circuit's prior holding but did not address the distinct textual question under § 227(c)(5).

Plaintiff also points to *Mantha v. QuoteWizard.com, LLC*, 347 F.R.D. 376 (D. Mass. 2024), which certified a § 227(c)(5) class involving text messages. But *Mantha* was decided before

5

*McLaughlin* freed courts from FCC deference, and it never analyzed the critical distinction between "telephone call or message" in § 227(a)(4) and "telephone call" in § 227(c)(5). Courts that have conducted that analysis post-*McLaughlin* have reached the opposite conclusion. *See* ECF No. 24 at p. 13 (collecting post-*McLaughlin* decisions holding that text messages are not actionable under § 227(c)(5)).

The statutory text confirms as much. Congress defined "telephone solicitation" as the initiation of a "telephone call *or message*." 47 U.S.C. § 227(a)(4). Yet in the private right of action at § 227(c)(5), Congress provided a remedy only for "telephone call[s]"—deliberately omitting "or message." *See* ECF No. 24 at pp. 12-13 (citing *Pulsifer v. United States*, 601 U.S. 124, 149 (2024) ("different terms usually have different meanings"); *Davis v. CVS Pharmacy, Inc.*, 797 F.Supp.3d 1270, 1274 (N.D. Fla. 2025)). Under *McLaughlin*, 606 U.S. 146 (2025), this Court must independently interpret the statute, and that independent analysis compels the conclusion that text-message-only recipients have no claim under § 227(c)(5). The class is facially overbroad.

At bottom, because the class expressly includes text-message-only recipients who have no claim under § 227(c)(5), it is overbroad on its face.

**E.    The Class Definition Is Impermissibly Merits-Based.**

Plaintiff's Opposition does not meaningfully engage with EverQuote's argument that the class definition is impermissibly merits-based. Plaintiff asserts only that "telemarketing is capable of classwide determination" and that "the term may require interpretation." Opp. at p. 11. However, that is precisely the problem. Class membership hinges on whether each individual received a "telemarketing" call—a determination that requires a merits inquiry into the content and context of every communication. *See* ECF No. 24 at pp. 15-17 (citing *Weister v. Vantage Point AI, LLC*, 2022 WL 3139373, at *7-8 (M.D. Fla. Aug. 3, 2022); *Sowders v. Scratch Fin., Inc.*, 2023

6

WL 7525900, at *9-10 (S.D. Ohio Nov. 14, 2023) (striking class where definition "improperly predicated class membership on the ultimate legal conclusion of the claim")). A class that cannot be identified without resolving the merits is uncertifiable. *See* ECF No. 24 at pp. 15-16.

Nor would leave to amend cure these defects. Plaintiff requests leave to amend if the Court grants any part of EverQuote's Motion. Opp. at pp. 20-21. But leave to amend should be denied where amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (cited in Opp. at p. 21). Plaintiff does not identify any proposed amendment that would cure the facial defects in the current class definition. And as pled, the class still sweeps in individuals who consented, did not personally register their numbers, or only received text messages.

Accordingly, Plaintiff's cursory request for leave to amend does not cure the facial defects in the class definition now before the Court.

## IV.    **CONCLUSION**

For the foregoing reasons, EverQuote respectfully requests that the Court grant its Motion to Strike Class Allegations and strike Plaintiff's class allegations in their entirety.

Dated: April 16, 2026                          Respectfully submitted,

*/s/ Christopher B. Parkerson*
Christopher B. Parkerson (BBO#662952)
Campbell Conroy & O'Neil, P.C.
20 City Square, Suite 300
Boston, MA 02129
Telephone: (617) 241-3075
cparkerson@campbell-trial-lawyers.com

AND

Eric J. Troutman (*pro hac vice)*
Tori L. Guidry (*pro hac vice*)
Blake H. Landis (*pro hac vice*)
400 Spectrum Center Drive, Suite 1450
Irvine, CA 92618
Telephone: (949) 350-3663

7

Facsimile:(949)203-8689
tori@troutmanamin.com

*Counsel for Defendant EverQuote, Inc.*


**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on April 16, 2026, a copy of the foregoing was filed electronically and served by other electronic means on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by e-mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

*/s/ Christopher B. Parkerson*
Christopher B. Parkerson