## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **LEON WEINGRAD,** individually and on behalf of all others similarly situated, | Case No.<br>    **1:26-cv-10197** |
| *Plaintiff,* | |
| v. | **CLASS ACTION** |
| **EVERQUOTE, INC.** | **JURY TRIAL DEMANDED** |
| *Defendant.* | |

## DECLARATION OF LEON WEINGRAD

1. My name is Leon Weingrad. I am over 18 years old. I can testify competently to the undersigned statements.

2. My telephone number ending in 7476 is registered on the National Do Not Call Registry and has been for several years.

3. My telephone number ending in 7476 is a residential cellular telephone number.

4. I am the user of the telephone number ending in 7476.

5. The telephone number ending in 7476 is registered in my name and I am the subscriber of record.

6. I use this number for personal, family, and household purposes.

7. I have reviewed EverQuote, Inc.'s motion to compel arbitration and the Declaration of Madeline Contois filed in support of that motion. I understand that EverQuote claims that, on January 14, 2026, I visited EverQuote's website, entered my telephone number

and an email address into an online form, read a block of disclosure text, and clicked an orange button labeled "Get My Quotes."

8. These claims are false.

9. I did not visit the website auto.everquote.com, or any other EverQuote website, on January 14, 2026.

10. I have never visited the website auto.everquote.com, or any other EverQuote website, at any time, prior to having received the calls alleged.

11. I would have had no reason to visit EverQuote's website. I was not in the market for auto insurance, insurance quotes, or any other product or service offered through that website.

12. On January 14, 2026, the specific date EverQuote claims I visited its website, it was physically impossible for me to have done so. On that day, I sat for a full-day deposition in an unrelated matter. The deposition began in the morning and continued until approximately 4:00 PM. Throughout the deposition, I was under oath, was being questioned by counsel, and did not have access to the internet or possess any internet connected device.

13. I do not own, use, control, or have access to the email address "sosking24@gmail.com." I have never owned, used, controlled, or had access to the email address "sosking24@gmail.com" at any time.

14. I never entered any information, including any name, telephone number, email address, or any other personal information, into the website auto.everquote.com or any other EverQuote website.

15. I never clicked any "Get My Quotes" button on auto.everquote.com or any other EverQuote website.

16.     I never authorized any other person, and I never gave any other person permission, to visit auto.everquote.com, to submit my phone number to auto.everquote.com, or to submit any information to any EverQuote website on my behalf.

17.     I never authorized any other person to provide consent on my behalf to receive calls, text messages, or to arbitrate claims of any kind against EverQuote.

18.     Prior to the Defendant filing its motion to compel arbitration in this case, I had never seen the disclosure paragraph that EverQuote claims I agreed to, the Terms of Use to which EverQuote claims I agreed to, or the arbitration provision on which EverQuote's motion relies.

19.     I had no notice of any arbitration provision associated with auto.everquote.com, and I certainly did not agree to any arbitration provision, because I did not visit auto.everquote.com and did not submit any information to that website.

20.     I am not, and have never been, a customer of EverQuote. I have never entered into any contract or agreement of any kind with EverQuote.

21.     I did not agree to arbitrate my claims against EverQuote. I would never have agreed to arbitrate my claims against EverQuote. Having now received calls that I understand were placed in violation of the Telephone Consumer Protection Act, I certainly would not have agreed to waive my right to bring those claims in court or as part of a class.

22.     I have reviewed the remaining assertions in EverQuote's motion, including the statements in the Contois Declaration that EverQuote's "internal business records" "definitively establish" that I visited auto.everquote.com on January 14, 2026. Those assertions are perplexing and utterly false. I did not visit that website on that date, on any other date prior, ever.

23.　To be clear, I do nothing to precipitate the illegal calls and messages that are placed to me. I do not want these communications, but they continue to be placed to me. They are highly annoying and disruptive.

24.　I do not welcome or invite illegal calls, and I have taken measures for them to stop, including by registering my telephone number on the National Do-Not-Call Registry and by holding those who call me in violation of the law accountable for their actions.

25.　I was harmed by the Defendant's calls. Illegal, unwanted telemarketing calls are frustrating, obnoxious, and annoying. They are a nuisance and disturbed my solitude.

26.　My number is on the National Do-Not-Call Registry, and I did not provide any consent for anyone, including EverQuote, to place telemarketing calls to me.

27.　I do not and have never welcomed or wanted illegal calls, and I do nothing to receive or deserve them. My injury was done completely at the hands of Defendant, which took it upon itself to call me in violation of the TCPA.

28.　I brought this case as a class action because I know that there are likely many other people in a similar situation, having received calls from Defendant without their consent.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this __Apr 20, 2026__, in the United States of America,


Leon Weingrad (Apr 20, 2026 13:24:06 PDT)

Leon Weingrad