**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **LEON WEINGRAD**, individually and on behalf of all others similarly situated,<br><br>   *Plaintiff,*<br><br>*v.*<br><br>**EVERQUOTE, INC.**,<br><br>   *Defendant.* | Case No. 1:26-cv-10197 |

**DEFENDANT EVERQUOTE, INC.'S MOTION FOR LEAVE TO FILE REPLY BRIEF
IN SUPPORT OF ITS MOTION TO COMPEL ARBITRATION**

Defendant EverQuote, Inc. ("EverQuote"), pursuant to Local Rule 7.1(b)(3), respectfully moves this Court for leave to file a reply brief in further support of its Motion to Compel Arbitration [ECF No. 17]. In support of this Motion, EverQuote states as follows:

1. On March 23, 2026, EverQuote filed its Motion to Compel Arbitration [ECF No. 17], along with a supporting memorandum of law [ECF No. 18] and the Declaration of Madeline Contois [ECF No. 18-1].

2. On April 1, 2026, EverQuote filed a Motion for Leave to File Reply Briefs [ECF No. 30] in support of its Motion to Dismiss [ECF No. 19], Motion to Strike Class Allegations [ECF No. 23], and Motion to Stay Discovery [ECF No. 21]. The Court granted that Motion on April 2, 2026 [ECF No. 33]. EverQuote's Motion to Compel Arbitration was not included in that prior Motion for Leave because Plaintiff's opposition to the Motion to Compel Arbitration had not yet been filed.

3. On April 16, 2026, EverQuote filed its Reply Briefs in support of its Motion to Dismiss [ECF No. 36], Motion to Stay Discovery [ECF No. 37], and Motion to Strike Class

Allegations [ECF No. 38].

4.      On April 20, 2026, Plaintiff filed his Opposition to EverQuote's Motion to Compel Arbitration [ECF No. 39], along with the Declaration of Leon Weingrad [ECF No. 39-1].

5.      In Plaintiff's Opposition to the Motion to Compel Arbitration [ECF No. 39], Plaintiff raised several arguments that EverQuote seeks to address, including challenges to the formation and enforceability of the arbitration agreement, the scope of the arbitration provision as applied to Plaintiff's TCPA claims, and the applicability of the class action waiver.

6.      Having reviewed and analyzed Plaintiff's Opposition, EverQuote's reply would address these arguments and further demonstrate why a valid and enforceable agreement to arbitrate was formed, why the agreement satisfies the requirements for an enforceable online agreement, and why Plaintiff's remaining arguments are without merit. EverQuote respectfully submits that its reply will assist the Court in resolving this potentially dispositive motion.

7.      EverQuote submits that its reply brief will not exceed ten (10) pages, consistent with Local Rule 7.1(b)(4), and respectfully requests fourteen (14) days from the date of the Court's Order granting this Motion to file its reply.

8.      Plaintiff will not be prejudiced by the filing of a reply brief, as no hearing is currently scheduled on EverQuote's Motion to Compel Arbitration.

9.      On April 23, 2026, counsel for EverQuote attempted to confer in good faith with counsel for Plaintiff, Leon Weingrad, via email and telephone in an attempt to resolve the issues raised herein, but was unable to reach Plaintiff's counsel prior to filing this request.

2

WHEREFORE, for all of these reasons, EverQuote respectfully requests the Court grant this Motion for Leave to file a Reply Brief in support of its Motion to Compel Arbitration [ECF No. 17], and permit EverQuote to file its reply brief within fourteen (14) days of the Court's Order on this Motion.

Dated: April 23, 2026

Respectfully submitted,

*/s/ Christopher B. Parkerson*
Christopher B. Parkerson, (BBO#662952)
Campbell Conroy & O'Neil, P.C.
20 City Square, Suite 300
Boston, MA 02129
Telephone: (617) 241-3075
cparkerson@campbell-trial-lawyers.com

AND

Eric J. Troutman (*pro hac vice)*
Tori L. Guidry (*pro hac vice*)
Blake H. Landis (*pro hac vice*)
400 Spectrum Center Drive Suite 1450
Irvine, CA 92618
Telephone: (949) 350-3663
Facsimile:(949)203-8689
tori@troutmanamin.com

*Counsel for Defendant EverQuote, Inc.*

3

4

## **CERTIFICATE OF CONFERRAL**

Pursuant to Local Rule 7.1(a)(2), I hereby certify that on April 23, 2026, counsel for EverQuote has attempted to confer in good faith with counsel for Plaintiff, Leon Weingrad, via email and telephone, prior to filing this Motion in an attempt to resolve the issues raised herein, but was unable to reach Plaintiff's counsel prior to filing.

*/s/ Christopher B. Parkerson*
Christopher B. Parkerson

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 23, 2026, a copy of the foregoing was filed electronically and served by other electronic means on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by e-mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

*/s/ Christopher B. Parkerson*
Christopher B. Parkerson