UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| LEON WEINGRAD,<br><br>    *Plaintiff,*<br><br>v.<br><br>EVERQUOTE, INC.,<br><br>    *Defendant.* | No. 26-cv-10197-MJJ |

## REPORT AND RECOMMENDATION ON
## DEFENDANT'S MOTION TO DISMISS

LEVENSON, U.S.M.J.

### INTRODUCTION

In this putative class action, Plaintiff Leon Weingrad ("Weingrad") alleges that

Defendant EverQuote, Inc. ("EverQuote") directed telemarketing calls to his phone number,

which was registered on the National Do Not Call Registry ("DNC Registry"). By doing so,

Weingrad claims, EverQuote violated the Telephone Consumer Protection Act, 47 U.S.C. § 227,

*et seq*. (the "TCPA"). Weingrad alleges that he received three calls from EverQuote, and he

seeks to represent a nationwide class of people who received similar calls from or on behalf of

EverQuote.

Before the Court is EverQuote's Motion to Dismiss Pursuant to Rule 12(b)(6). For the

reasons below, I recommend that Defendant's Motion to Dismiss be denied.

## I.    Background

The Complaint alleges that on January 14, 2026, Weingrad received three telemarketing calls despite his telephone number being registered to the DNC Registry.[1] Docket No. 1 ¶¶ 19, 21. Weingrad missed the first call, answered the second, during which the caller identified herself as "Jenny" from "EverQuote" and offered an auto-insurance quote before the line disconnected, and then received a third call, also from EverQuote. *Id.* ¶¶ 23–25. At the end of the third call, Weingrad told the caller to stop calling. *Id.* ¶ 25.

According to the Complaint, Weingrad's phone number is a residential, non-commercial number and has been registered to the National DNC Registry since April 3, 2019. *Id.* ¶¶ 15, 19.

The Complaint alleges that Weingrad did not consent to receiving telemarketing calls from EverQuote prior to receiving the calls at issue and has never been a customer of EverQuote. *Id.* ¶¶ 14, 20. The Complaint asserts that the calls appear to have been intended for someone else, unknown to Weingrad. *Id.* ¶ 28. Weingrad claims the calls were unwanted, nonconsensual encounters and that his privacy was violated. *Id.* ¶¶ 26–29.

Plaintiff raises a single claim for relief for violation of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c).

## II.    Relevant Law

### A.    *Legal Standard for a Motion to Dismiss for Failure to State a Claim*

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp.*

---

[1] The Complaint is silent as to *who* registered Weingrad's phone number to the National DNC Registry, alleging only that, "Plaintiff's telephone number has been listed on the National Do Not Call Registry since April 3, 2019." Docket No. 1 ¶ 19.

*v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (explaining that district courts "must assume the truth of all well-plead[ed] facts and give the plaintiff the benefit of all reasonable inferences therefrom").

Dismissal is appropriate if the complaint fails to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Gagliardi v. Sullivan*, 513 F.3d 301, 305 (1st Cir. 2008) (quoting *Centro Médico del Turabo, Inc. v. Feliciano de Melecio*, 406 F.3d 1, 6 (1st Cir. 2005)).

### B.      *Telephone Consumer Protection Act Protections*

The TCPA "addresses the nuisance and invasion of privacy caused by automated or prerecorded telephone calls." *Breda v. Cellco P'ship*, 934 F.3d 1, 4 (1st Cir. 2019); *see* 47 U.S.C. § 227(b). To implement the TCPA, the Federal Communications Commission ("FCC") promulgated regulations that prohibit telephone solicitations directed to a "residential telephone subscriber" who has placed his or her telephone number on the national do-not-call list ("DNC Registry"). 47 CFR § 64.1200(c)(1)–(2). The TCPA creates a private right of action for individuals who receive unsolicited calls made to numbers listed on the DNC Registry. 47 U.S.C. § 227(c)(5).

The regulations stipulate that:

(c) No person or entity shall initiate any telephone solicitation to:

...

(2) A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. Such do-not-call registrations must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator.

47 C.F.R. § 64.1200(c)(2).

## III.    Analysis

EverQuote's motion to dismiss is premised on the notion that standing to sue under the TCPA requires personal registration on the DNC Registry. Docket No. 20 at 3–4. EverQuote points out that Weingrad's Complaint is "devoid of any allegation that he personally registered his cellular telephone number on the National DNC Registry." *Id.* at 5. Noting Weingrad's allegations that his number is merely "listed" on the registry and that "the calls 'appear to have been intended for someone else,'" EverQuote hypothesizes that a someone other than Weingrad may have registered his number. *Id.* at 5. EverQuote argues that this is fatal to Weingrad's claim. *Id.* at 5.

Weingrad argues that personal registration of a telephone number is not required under the TCPA. Docket No. 25 at 3. He points to the language in the regulations that requires that "do-not-call registrations must be honored indefinitely." *Id.* Weingard argues that EverQuote's reasoning "misreads the regulatory language, ignores the consumer-protection purpose of the TCPA, and conflicts with the practical reality of how telephone numbers are used and reassigned." Docket No. 25 at 1. On this basis, Weingard asks the Court to deny EverQuote's motion.

Weingrad has the better of the arguments.

EverQuote relies heavily on *Rombough v. Robert D. Smith Ins. Agency, Inc.,* an out-of-circuit district court order ruling that an individual must have personally registered his or her phone number on the National DNC Registry to have standing under the TCPA. No. 22-CV-15-CJW-MAR, 2022 WL 2713278, at *2 (N.D. Iowa June 9, 2022). The court in *Rombough* interpreted the TCPA's implementing regulations narrowly, holding that "the plain language of Section 64.1200(c) indicates that Section 227(c)(5)'s private action exists only for a residential telephone subscriber who has *registered his or her telephone number* on the national [DNC] registry." 2022 WL 2713278, at *2 (emphasis added). The court concluded that "the regulation's plain language [is] unambiguous" and that the plaintiff failed to state a claim since she did not allege that she herself registered her telephone number. *Id.* at *4–5.

Other courts considering the point have rejected the holding in *Rombough* as contrary to both the language and the purpose of the statute and implementing regulation. *See Binetti v. Colorado Tech. Univ., Inc.*, No. 6:25-CV-01049-AP, 2026 WL 812365, at *5 (D. Or. Jan. 21, 2026) (declining to follow *Rombough* and reviewing decisions that have "resoundingly rejected the holding in *Rombough*"). In *Abrahamian v. loanDepot.com LLC,* the court pointed out that the word "indefinitely" in the regulation powerfully suggests that the regulation was intended to account for the fact that telephone numbers may be reassigned. No. CV-23-00728-PHX-SMB, 2024 WL 1092442, at *2 (D. Ariz. Mar. 13, 2024). Similarly, in *Mason v. Spring EQ LLC*, the court confirmed that numbers "remain protected until they are removed, regardless of whether they 'should' still be on the list," rejecting the notion that a plaintiff must personally register the number to invoke the TCPA's do-not-call protections. No. 5:24-CV-1833-MWC (AGRx), 2024 WL 5424385, at *3 (C.D. Cal. Nov. 27, 2024).

5

Courts interpreting § 64.1200(c) have consistently held that the TCPA imposes a minimal burden on plaintiffs asserting do-not-call claims. For example, the court in *Watson v. Manhattan Luxury Automobiles, Inc.* held that DNC Registry "regulation provides that, once a phone number is registered, it remains protected until it is affirmatively removed from the registry." No. 20 CIV. 4572 (LGS), 2022 WL 4586407, at *9 (S.D.N.Y. Sept. 29, 2022) (explaining that, in certifying a TCPA class, whether individual members placed their numbers on the national Do Not Call Registry is irrelevant). Similarly, the Court in *Nichols v. eHealthInsurance Servs., Inc.* explained that "the plain language of the TCPA indicates that Congress sought to prohibit all unsolicited telemarketing calls to phone numbers in the NDNC Registry, without limitation as to who had registered the phone numbers." No. 23-CV-06720-EKL, 2025 WL 689721, at *3 (N.D. Cal. Mar. 3, 2025). In *Nichols*, the Court concluded that "the TCPA's implementing regulations also indicate that a plaintiff need not allege that he personally registered his phone number in the NDNC Registry." *Id.* The Court further observed that "the regulations provide for ongoing protection for the registered phone number unless it is removed by the consumer or by the database administrator." *Id.*

Although the First Circuit has not addressed whether a plaintiff must personally register their number to have standing under the TCPA, district courts within the circuit analyzing similar TCPA claims have consistently focused on whether the plaintiff received calls to a number that was listed on the DNC Registry, rather than delving into *who* registered the number. *See Costa v. Dvinci Energy, Inc.*, 342 F.R.D. 38, 41 (D. Mass. 2022) (denying motion to strike class allegations where proposed class was based on its members having numbers listed on the DNC Registry); *Laccinole v. Appriss, Inc.,* 453 F. Supp. 3d 499, 505 (D.R.I. 2020) (finding that a plaintiff is presumptively a residential subscriber establishing a right of action under the TCPA's

6

do-not-call protections once they have received calls on a number that has been registered to the DNC Registry); *cf. Jones v. Safr Techs., Inc.*, 793 F. Supp. 3d 362, 369 (D. Mass. 2025) (concluding plaintiff properly alleged TCPA violations where telephone number was on the DNC Registry).

I do not find the reasoning in *Rombough* persuasive. I agree with the many courts that have concluded that the language of 64.1200(c)(2), particularly the use of the term "indefinitely," supports an interpretation of the TCPA that protects any residential number that has been placed on the DNC Registry, regardless of who registered the number.

Weingrad has stated a plausible claim of relief under the TCPA. Whether he personally registered his phone number on the National DNC Registry is irrelevant.

CONCLUSION

For the forgoing reasons, I RECOMMEND that EverQuote's motion to dismiss be DENIED.

/s/ Paul G. Levenson
Paul G. Levenson
U.S. MAGISTRATE JUDGE

Dated: June 26, 2026

7

## NOTICE OF RIGHT TO OBJECT

In accordance with Rule 3 of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts, the parties are advised that under the provisions of Federal Rule of Civil Procedure 72(b) or Federal Rule of Criminal Procedure 59(b), any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. *See Keating v. Sec'y of Health & Hum. Servs.*, 848 F.2d 271 (1st Cir. 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980); *United States v. Vega*, 678 F.2d 376, 378–379 (1st Cir. 1982); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *see also Thomas v. Arn*, 474 U.S. 140 (1985).